IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-3119 |
| | : | |
| GEORGE OFUN OYAKHIRE, a.k.a. OLIVER BENNET OYAKHIRE | : | |

**ORDER**

AND NOW, this 16th day of October, 2026, upon consideration of the Plaintiff's Motion for Judgment on the Pleadings (ECF No. 16), the Defendant's Response in Opposition (ECF No. 17), the Plaintiff's Reply (ECF No. 18), and the oral argument held on this issue, it is ORDERED the Motion (ECF No. 16) is DENIED.[1]

---

[1] To grant judgment on the pleadings, the moving party must demonstrate there are "no material issues of fact, and [the movant] is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005). The Court must view the facts in the light most favorable to the non-moving party—in this case, the Defendant Oyakhire. *See Janney Montgomery Scott, Inc. v. Shepard Niles Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). The parties agree the central issue is whether Oyakhire is precluded from denying the allegations in the complaint. Even if the Court credits the Government's argument and concludes Oyakhire may not dispute the issue of identity, the Government has not met its burden at this stage in the litigation. The motion is denied.

The Government argues Oyakhire secured immigration benefits under a false identity, Oliver Bennet, while another application was denied under his true identity of George. *See* Mot. for J. 1, ECF No. 16. Oyakhire denies the allegations, and he asserts Oliver is his true identity. *See* Resp. in Opp'n. 1, ECF No. 17. On November 22, 2010, a federal jury in the U.S. District Court for the Eastern District of Pennsylvania convicted George Ofuan Oyakhire of conspiracy to commit false personation of an officer or employee of the United States (18 U.S.C. § 371), false personation of an officer or employee of the United States (18 U.S.C. § 912), false statements to government officials (18 U.S.C. § 1001), and false statements in an application for a U.S. passport (18 U.S.C. § 1542). No special interrogatories were used in this case; the Jury found Defendant Oyakhire guilty on all counts. *See* Gov't Ex. O, ECF No. 1-17.

A prior criminal conviction may estop a defendant from relitigating issues in a civil action if "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the

determination was essential to the prior judgment." *Anderson v. Comm'r of Internal Revenue*, 698 F.3d 160, 167 (3d Cir. 2012). An oral argument was held on this motion on October 14, 2026, where the Government argued Oyakhire's prior criminal conviction establishes as a matter of law that George and Oliver are one in the same. However, this prior conviction alone is insufficient for the Government to meet the standard for denaturalization.

Under 8 U.S.C. § 1451(a), the Court must revoke an order of naturalization and cancel an individual's Certificate of Naturalization if naturalization was procured by "concealment of a material fact or by willful misrepresentation" or if naturalization was "illegally procured". The Government argues both prongs apply: (1) Oliver's naturalization was procured by willful misrepresentation of his identity, (2) Oliver's citizenship was illegally procured because he did not meet the substantive requirements to adjust to lawful permanent resident ("LPR") status at the time of adjustment.

The Government alleges that Oyakhire procured his citizenship by concealing a material fact or willful misrepresentation. *See* Compl. 18, ECF No. 1. To succeed, the government must demonstrate the following four elements: (1) an applicant misrepresented or concealed a fact during naturalization proceedings; (2) the misrepresentation or concealment was willful; (3) the misrepresented or concealed fact was material in that it had the natural tendency to influence USCIS's decision; and (4) the applicant procured citizenship as a result. *See Kungys v. United States*, 485 U.S. 759, 771-72 (1988). Because Oliver was granted citizenship, not George, the relevant issue is whether Oyakhire concealed a material fact or made a willful misrepresentation on Oliver's application. The criminal conviction does not establish Oyakhire's true identity. Nor does it establish his true birth date, the validity of any other statement made, or that any misrepresentations on this application were willful. Therefore, this argument fails.

The Government also argues Oyakhire illegally procured citizenship because he did not comply with the congressionally imposed prerequisites to the acquisition of citizenship. *See Fedorenko v. U.S.*, 449 U.S. 490, 506 (1981). To qualify for naturalization, an applicant must have been lawfully admitted for permanent residence in strict compliance with all substantive legal requirements. *See* 8 U.S.C. § 1427(a)(1); 8 U.S.C. § 1429; *Saliba v. Att'y Gen. of U.S.,* 828 F.3d 182, 189 (3d Cir. 2016). An individual is inadmissible if he or she procured admission or any other immigration benefit through fraud or the willful misrepresentation of a material fact. 8 U.S.C. § 1182(a)(6)(C)(i). The Government alleges that Oliver's adjustment was secured by fraud. Because applications were filed for both George and Oliver, the Government argues that at least one of the applications must have been a false attempt to secure immigration benefits. However, the Government has not proved Oyakhire authored either application. The later criminal conviction does not conclusively establish who authored immigration documents over a decade prior.

Lastly, the Government alleges Oyakhire did not demonstrate good moral character during the relevant period to naturalize. Congress requires a naturalization applicant to demonstrate good moral character from a period beginning five years prior to filing the naturalization application up to and including the date of naturalization. *See* 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1). Congress additionally provides that a naturalization applicant who commits unlawful acts during this period is barred from establishing good moral character to naturalize. *See* 8 U.S.C. § 1101(f)(6) ("No person shall be regarded as, or found to be, a person of good moral character who . . . has given false testimony for the purpose of obtaining any benefits under this chapter"). The applicant can overcome this bar only by demonstrating the existence of extenuating circumstances. 8 C.F.R. § 316.10(b)(3). The issue here goes to the veracity of the statements made on the immigration

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

applications and whether Oyakhire made any false statements in the 1990s, which is not precluded by the later acts Oyakhire was convicted of. Further, this ground has a defense of "extenuating circumstances" which Oyakhire raises in his answer, thereby precluding this Court from granting judgment on the pleadings. *See* Resp. in Opp'n 6, ECF No. 17.

In a denaturalization action, the Government must carry its burden by "clear, unequivocal, and convincing evidence." *Fedorenko*, 449 U.S. at 505. At this stage in the litigation, the Government has not met its burden to strip Oyakhire of his citizenship based solely on the pleadings and his prior criminal conviction. The motion is denied.